FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 AUG 29 PM 1:03

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

DALE MUNROE II

CASE NO. 6:12-cr-215-37-GJK
18 U.S.C. § 371
42 U.S.C. § 1320d-6(a) & (b)(3)
18 U.S.C. § 982 - Forfeiture
18 U.S.C. § 1030 - Forfeiture

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

### A. Introduction

1. At times relevant to this case, Florida Hospital was a not-for-profit health care provider with hospitals and other medical facilities serving communities throughout Florida and was a "covered entity" for purposes of HIPAA (Health Insurance Portability and Accountability Act of 1996).

2. DALE MUNROE II was hired in July 2006 at the Celebration, Florida location of Florida Hospital. During his employment with Florida Hospital, DALE MUNROE II worked as a Registration Representative in the Emergency Department where he would register patients as they came in the main emergency entrance, to include patients brought in by ambulance.

## B. The Conspiracy

3. Beginning on or about a date unknown to the Grand Jury, but not later than in or about January 2009, and continuing until in or about August 2011, in Osceola County, Florida, in the Middle District of Florida, and elsewhere,

## DALE MUNROE II

the defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with others persons both known and unknown to the Grand Jury to commit the following offenses against the United States:

    a. To knowingly and intentionally access, and attempt to access, a protected computer without authorization and exceed authorized access to a protected computer, and thereby obtain information from a protected computer that is used in and affecting interstate and foreign commerce and communication, for the purpose of commercial advantage and private financial gain and in furtherance of a criminal act in violation of the laws of the United States and the State of Florida, in violation of Title 18, United States Code, Sections 1030(a)(2)(c), (b), and (c)(2)(B); and

    b. To knowingly obtain individually identifiable health information relating to an individual and disclose individually identifiable health information to another person, with the intent to sell, transfer, and use such individually identifiable health information for commercial advantage, personal

gain, and malicious harm, in violation of Title 42, United States Code, Sections 1320d-6(a) and (b)(3).

### C. Manner and Means

4.  It was part of the conspiracy that DALE MUNROE II and other conspirators known and unknown to the Grand Jury would and did obtain, without authorization, individually identifiable health information of patients of Florida Hospital who had been involved in motor vehicle accidents, disclose that information to other conspirators who would use that information to solicit patients of Florida Hospital for lawyers and chiropractors, and divide proceeds from the conspiracy.

5.  It was a further part of the conspiracy that DALE MUNROE II would and did use his position at Florida Hospital to access, without authorization, Florida Hospital's computer system for records regarding patients who had been involved in motor vehicle accidents.

6.  It was a further part of the conspiracy that DALE MUNROE II would and did exceed his authorized access to Florida Hospital's computer system and access the records of over 700,000 patients of Florida Hospital between January 2009 through July 2011.

7.  It was a further part of the conspiracy that DALE MUNROE II would and did exceed his authorized access to Florida Hospital's computer system and obtain individually identifiable health information of patients of Florida Hospital

who had been involved in motor vehicle accidents and disclose, without authorization, that information to other conspirators known and unknown to the Grand Jury.

8.  It was a further part of the conspiracy that other conspirators known and unknown to the Grand Jury would and did disclose individually identifiable health information of patients of Florida Hospital who had been involved in motor vehicle accidents to other conspirators known and unknown to the Grand Jury who would use that information to solicit patients of Florida Hospital for lawyers and chiropractors.

9.  It was a further part of the conspiracy that DALE MUNROE II would and did receive payment in the form of cash and checks in return for obtaining individually identifiable health information of patients of Florida Hospital who had been involved in motor vehicle accidents and disclosing that information, without authorization, to other conspirators known and unknown to the Grand Jury.

10.  It was a further part of the conspiracy that DALE MUNROE II and other conspirators known and unknown to the Grand Jury would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

## D. Overt Acts

11. In furtherance of and to affect the objectives of the conspiracy, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

    a. On or about dates set forth below, each of which constitutes a separate overt act, in Osceola County, Florida, in the Middle District of Florida, DALE MUNROE II exceeded his authorized access to Florida Hospital's computer system and obtained, without authorization, the individually identifiable health information of patients of Florida Hospital who had been involved in motor vehicle accidents:

| Date | Initials of Florida Hospital Patient |
|---|---|
| October 4, 2010 | C.S. |
| October 25, 2010 | J.S. |
| February 1, 2011 | L.M. |
| July 8, 2011 | J.D. |

    b. On or about dates set forth below, each of which constitutes a separate overt act, conspirators known and unknown to the Grand Jury used the individually identifiable health information that had been disclosed by DALE MUNROE II of patients of Florida Hospital who had been involved in motor vehicle accidents to solicit those patients for lawyers and chiropractors:

5

| Date | Initials of Florida Hospital Patient |
|---|---|
| October 8, 2010 | C.S. |
| October 26, 2010 | J.S. |
| February 1, 2011 | L.M. |
| July 11, 2011 | J.D. |

c.   On or about January 20, 2011, DALE MUNROE II deposited a check made payable to himself in the amount of $1,000, which was received from a conspirator to pay him for disclosing, without authorization, individually identifiable health information of patients of Florida Hospital who had been involved in motor vehicle accidents.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH FIVE

On or about the dates set forth below, in Osceola County, in the Middle District of Florida,

## DALE MUNROE II

the defendant herein, did knowingly obtain individually identifiable health information relating to an individual, and did knowingly disclose individually identifiable health information to another person, with the intent to sell, transfer, and use such individually identifiable health information for commercial advantage, personal gain, and malicious harm, as follows:

| Count | Date | Initials of Florida Hospital Patient |
|---|---|---|
| Two | October 4, 2010 | C.S. |
| Three | October 25, 2010 | J.S. |
| Four | February 1, 2011 | L.M. |
| Five | July 8, 2011 | J.D. |

All in violation of Title 42, United States Code, Sections 1320d-6(a) and (b)(3) and Title 18, United States Code, Section 2.

## FORFEITURE

1.  The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2)(B) and 1030(I).

2.  The defendant, DALE MUNROE II, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i)(1)(B), any and all right, title, and interest he has in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violations and pursuant to Title 18, United States Code, Section 1030(i)(1)(A) any personal property that was used or intended to be used to commit or to facilitate the commission of such violations.

3.  If any of the property described above, as a result of any act or omission of the defendant:

7

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1030(i)(2).

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
Roger B. Handberg
Assistant United States Attorney

By: _____
Carlos A. Perez-Irizarry
Assistant United States Attorney
Chief, Orlando Division

8

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT

Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

DALE MUNROE II

## INDICTMENT

Violations:

18 U.S.C. § 371
42 U.S.C. § 1320d-6(a) & (b)(3)

A true bill,

_____
Foreperson

Filed in open court this 29th day
of August 2012.

_____
Clerk

Bail $ _____

GPO 863 525